# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALZOOM.COM, INC., <br><br> Plaintiff, <br> v. <br> MACEY BANKRUPTCY LAW, P.C., MACEY BANKRUPTCY LAW HOLDING, P.C., LEAL HELPERS DEBT RESOLUTION, LLC, JACOBY & MEYERS–BANKRUPTCY, LLC, and DOES 1–10, inclusive, <br><br> Defendants. | Case No. 2:13-cv-7894-ODW(MRWx) <br><br> **ORDER TO SHOW CAUSE RE. LACK OF SUBJECT-MATTER JURISDICTION** |

On October 25, 2013, LegalZoom.com filed a Complaint in this Court. LegalZoom contends that this Court has federal-subject-matter jurisdiction over this action on the basis of diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1.) To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Unlike the citizenship of a natural person, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990) ("In sum, we reject the contention that to determine, for diversity purposes, the

citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members."); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). The citizenship of each of the entity's partners or members therefore must be alleged.

The citizenships of Defendants Legal Helpers Debt Resolution, LLC, and Jacoby & Meyers–Bankruptcy, LLP, are therefore determined not by reference to their principal place of business and "state of incorporation," as LegalZoom suggests, but by the citizenship of the owners and members. Because LegalZoom fails to state the citizenship of the partners and members of the above defendants, the Court cannot determine whether diversity of citizenship exists between the parties.

Additionally, LegalZoom alleges that it is "a corporation, organized and existing under the laws of the State of Delaware, with its principal places of business in Los Angeles County, California *and Travis County, Texas.*" (emphasis added) A corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(a). A corporation does not have two principal places of businesses.

Accordingly, the Court **ORDERS** Trepany to **SHOW CAUSE** in writing, by **November 18, 2013**, why this case should not be dismissed for lack of subject-matter jurisdiction. No hearing will be held. Plaintiff may submit an Amended Complaint if he chooses. Failure to timely respond will result in dismissal of this action.

**IT IS SO ORDERED.**

November 4, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**