**O**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALZOOM.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> MACEY BANKRUPTCY LAW, P.C., MACEY BANKRUPTCY LAW HOLDING, P.C., LEAL HELPERS DEBT RESOLUTION, LLC, JACOBY & MEYERS–BANKRUPTCY, LLC, and DOES 1–10, inclusive, <br><br> Defendants. | Case No. 2:13-cv-7894-ODW(MRWx) <br><br> **ORDER DISMISSING FOR LACK OF SUBJECT-MATTER JURISDICTION** |

On October 25, 2013, LegalZoom.com filed a Complaint in this Court. LegalZoom contends that this Court has federal-subject-matter jurisdiction over this action on the basis of diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1.) The Court issued an Order to Show Cause Re Subject Matter Jurisdiction on November 18, 2013. (ECF No. 7.) The Court could not determine whether diversity of citizenship exists in this action, because LegalZoom failed to state the citizenship of the partners and members of Defendants Legal Helpers Debt Resolution, LLC and Jacoby & Meyers–Bankruptcy, LLP. In the Order to Show Cause, the Court noted that, unlike the citizenship of a natural person, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). The Court therefore held that it could not determine

whether diversity of citizenship existed, because LegalZoom did not allege the citizenships of the partners and members of the respective entities.

On November 5, 2013, LegalZoom filed the Declaration of Andrew V. Jablon in response to the Order to Show Cause. (ECF No. 8.) But again, LegalZoom fails to sufficiently allege the citizenship of the partners and members of Jacoby & Meyers–Bankruptcy, LLP.[1] Jablon asserts that Jacoby & Meyers–Bankruptcy, LLP is a partnership between Macey Bankruptcy and Jacoby & Meyers. Accordingly, LegalZoom must sufficiently allege the citizenship of *both* Macey Bankruptcy's and Jacoby & Meyer's members.

Jablon avers that, "Jacoby & Meyers, LLC is an Alabama limited liability company whose members . . . are John J. Givens and J. K. Givens, each of which appear to be *residents* of the State of Alabama. (Jablon Decl. ¶ 4) (emphasis added). This alone renders the response to the Court's Order to Show Cause insufficient. LegalZoom fails to allege the *citizenships* of John J. Givens and J. K. Givens. For the purposes of complete diversity, citizenship is determined by the state of domicile—not the state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship.").

Further, Jablon does not even mention Macey Bankruptcy in his declaration—much less the citizenship of its members. LegalZoom has failed to properly respond to the Court's November 7, 2013 Order to Show Cause. The Court cannot determine the citizenship of any of Macey Bankruptcy's and Jacoby & Meyer's members from Jablon's declaration. The Court therefore remains unconvinced that diversity jurisdiction exists in this case.

---

[1] LegalZoom dismissed defendant Legal Helpers Debt Resolution, LLC from this action on November 13, 2013. (ECF No. 14.)

For these reasons, the Court finds that it lacks jurisdiction over this case. This action is therefore **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

November 18, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**